STATE OF CONNECTICUT *v.* WALTER H. JOHNSON

Decided May 1, 1958

*Walter H. Johnson,* the defendant, pro se.

*Lorin W. Willis,* state's attorney, for the state.

BY THE DIVISION. The applicant, age forty-seven, pleaded not guilty to six counts of attempted robbery with violence and to two counts of robbery with violence and, after a trial to the jury, was found guilty

of four counts of attempted robbery with violence and of the two counts of robbery with violence. Subsequently, he pleaded guilty to being a second offender.

On January 20, 1954, in the Superior Court at Bridgeport, he was sentenced to serve not less than seven nor more than twenty-five years on one count of robbery with violence and one year on each of the remaining five counts, thereby making the effect of the sentence not less than seven nor more than thirty years' commitment to state prison.

The applicant had during the period from October 3, 1954, through November 14, 1954, held up a series of package stores and cleaning establishments. In almost all the incidents, the stores were being tended by women who were alone at the time. The applicant was arrested after an intensive investigation by police and was picked out of a line-up by his victims.

While the exact prior record of the petitioner is not readily ascertainable, the transcript discloses a ten-year sentence for robbery in South Carolina, later reduced to five years, which the applicant explained was later reduced to two years and of which he says he served eleven months. The applicant was subsequently sentenced to a term of from two to five years in state prison for robbery in New Haven County.

The principal contention of the applicant is that he is actually not guilty. A grievance relating to the guilt of the accused is not within the power given to this Review Division to remedy. Its power is to "review the judgment so far as it relates to the sentence imposed . . . and any other sentence imposed on the person at the same time." Public Acts, Spec. Sess., Sept., 1957, No. 14, § 3. This ground may therefore not be considered.

The gist of a further grievance of the accused is that other persons charged with similar offenses involving more aggravated circumstances than those of this defendant have received more lenient sentences. No such comparable case was pointed out. Even had it been, however, the mere fact of an apparent variation in comparison with the sentence of some other case would not necessarily establish that other sentence as an appropriate one in itself, nor necessarily indicate an improper sentence in the present case.

The sentencing problem does not yield to exact analysis. It deals with human beings with differing qualities, and is still the product essentially of a process requiring the analytical skill, competence and judgment of human wisdom. Moreover, variations in the sentences of apparently comparable cases may well be the result of the adjustment of the penalty to the sentencing goals even in cases charging offenses of equal gravity.

Notwithstanding that no personal violence or abuse appears to have been inflicted upon the victims of the defendant's actions, the occurrences were nevertheless not without an apparent violent intent on his part. In passing sentence, the trial court classified the defendant's actions as a "rampage" but took into account the fact that there was no violence used which resulted in actual physical injury to any of the victims. The trial court apparently gave the defendant further favorable consideration in not fixing a term double the term provided by law for the offenses of which he had been found guilty, since the defendant had pleaded guilty to being a second offender.

In view of the grave nature of the offenses, the previous convictions for the same type of offense, the ineffectual previous corrective treatment and

imprisonment of the accused, and the multiplicity of the same type of offenses in the instant cases, it cannot be said that the sentences imposed were not appropriate to the case. The minimum term of not less than seven years which was imposed would appear to reflect not only the exercise of moderation but to have accorded to the defendant every favorable consideration which the circumstances commended.

The high maximum does not reflect an unwarranted extreme in view of the grave nature of the circumstances, the compound sentence resulting from the multiplicity of counts, and the goals of sentencing. The element of the protection of the public through the segregation of an offender should have at least equal weight with the consideration of the return of an offender to society as a useful and law-abiding member of the community, an opportunity for which the court has amply provided by the period of time between the minimum and maximum terms fixed.

The sentences should stand.

Thim, Ryan and Pastore, Js., participated in this decision.