From: The District Court of the Sixth Judicial District. County of Park.

STATE OF MONTANA, Plaintiff, vs. LYLE DEAN ELLIS, Defendant.

NO. 1866

## DECISION

The application of the above-named defendant for a review of the sentence of ten years, imposed on February 7, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

(1) The sentence be and remain as originally imposed by the sentencing court.

The reason for the above decision is that the defendant was convicted of manslaughter (shooting one Terry Dunlap with a .22 semi-automatic during or after a quarrel) punishable by not more than 10 years imprisonment. True, the sentence could have been less, but as we have said before in State v. Brecht and State v. Barton, both decided this day, "The sentencing problem does not yield to exact analysis. It deals with human beings with differing qualities, and is still the product essentially of a process requiring analytical skill, competence and judgment of human wisdom." State v. Johnson, 158 A2d 746 (Conn.). Since the presumption is that the sentencing judge was correct in his determination (State v. Brecht and State v. Barton, supra), we are unable to say from anything presented to us in this case that the imposed sentence of 10 years with 125 days jail time credit with defendant presently eligible for parole consideration in December, 1970, was not proper, reasonable, and sufficiently lenient, the crime and the sentencing goals kept in mind.

Any contention of defendant that the killing was justified or excusable, or that the defendant was not otherwise guilty of the crime for which he was sentenced is not within the power of this Court to consider. Its power is limited to, "* * * review of this judgment so far as it relates to the sentence imposed * * *." Section 95-2503, R.C.M.1947.

DATED this 7th day of April, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Sid G. Stewart.